

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00375-CR

---

JEFFREY DON DOOLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1780925, Honorable Steve Jumes, Presiding

---

February 14, 2025

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Jeffrey Don Dooley, appeals his conviction for driving while intoxicated[1] and sentence to ten years of confinement, suspended in favor of community supervision for five years.[2] Appellant's brief was originally due January 15, 2025, but was not filed. By letter of January 22, 2025, we admonished Appellant's counsel that failure to file a

---

[1] *See* TEX. PENAL CODE ANN. § 49.09(b).

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

brief by February 3 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has neither filed a brief nor had any further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether Appellant still desires to prosecute the appeal;

2. whether Appellant is indigent;

3. if Appellant is not indigent, whether Appellant has made the necessary arrangements for filing a brief;

4. whether Appellant's counsel has abandoned the appeal;

5. whether Appellant has been denied the effective assistance of counsel; and

6. the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by March 3, 2025. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before February 21, 2025, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

2

It is so ordered.

Per Curiam

Do not publish.